UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOHNNY WILLIAMS** | * | CIVIL ACTION |
| | * | |
| **VERSUS** | * | NO.: |
| | * | |
| **SEA SUPPORT VENTURES LLC, PFERD INC., PFERD NORTH AMERICA INC. and AUGUST RÜGGEBERG GmbH & CO. KG** | * | SECTION " "   MAGISTRATE # |
| | * | |
| | * | JUDGE |
| | * | |
| | * | MAGISTRATE |
| | * | |
| | * | JURY TRIAL |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FILED: _____          _____
                                                                            DEPUTY CLERK

## COMPLAINT FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel comes Plaintiff, **JOHNNY WILLIAMS,** who files his Complaint against **SEA SUPPORT VENTURES LLC, PFERD INC, PFERD NORTH AMERICA, INC., AND AUGUST RÜGGEBERG GmbH & CO. KG** for personal injury damages and alleges upon information and belief as follows:

### JURISDICTION

### I.

Jurisdiction of this Honorable Court is based on the Jones Act, (46 U.S.C. § 30104, *et seq.*), and under the General Maritime Law for general maritime negligence and unseaworthiness and for maintenance and cure as well as diversity of Citizenship 28 U.S.C. § 1332, *et seq.*

Page 1 of 14

## PARTIES

## II.

Parties named herein are as follows:

A. Named Plaintiff herein is:

1. **JOHNNY WILLIAMS** (hereinafter Plaintiff), a person of full age and majority who resides at 123 East 165th St., Galliano, Louisiana.

B. Named Defendants herein are:

1. **SEA SUPPORT VENTURES LLC**, a Louisiana company with its principal place of business at 104 ABC Lane, Cut Off, Louisiana 70345, that may be served through its registered agent, Randy J. James 104 ABC Lane Cutoff, Louisiana 70345

2. **PFERD INC.**, a foreign company doing business in the State of Louisiana with its principal place of business at 9201 Heather Avenue, Milwaukee, Wisconsin 53224, that may be served through its registered agent, CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

3. **PFERD NORTH AMERICA INC.**, a foreign company doing business in the State of Louisiana and subject to suing and being sued in the State of Louisiana.

4. **AUGUST RÜGGEBERG GmbH & Co.KG**, a foreign company doing business in the State of Louisiana and subject to suing and being sued in the State of Louisiana

## III.

A jury trial is requested as to all issues in this matter.

## FACTS

### IV.

On or about January 14, 2021, Plaintiff was employed by Defendant, **SEA SUPPORT VENTURES LLC**, as a captain, seaman and a member of the crew of a fleet of vessels owned and or operated by **SEA SUPPORT VENTURES LLC** for over 21 years, holding numerous Captains licenses and is entitled to remedies under the general maritime law and Jones Act.

### V.

On January 14, 2021, in connection with his work, Plaintiff was requested by his employer to assist in clearing debris and was given a grinder normally utilized as part of the appurtenances of the fleet of vessels to which he is permanently assigned to perform the task in question of clearing debris for a dock. The vessels to which Plaintiff is permanently assigned were within the immediate vicinity of the work being performed. The discs on the grinder provided to Plaintiff by his Jones Act employer disintegrated and exploded causing severe injuries to Plaintiff's arm and body.

### VI.

At all times during the incident in question, Plaintiff was following the instructions of his supervisors employed by **SEA SUPPORT VENTURES LLC.**

### VII.

As a result of the above-described incident, Plaintiff suffered severe and disabling injuries, including but not limited to, trauma and damage to his arm, hand, bones, tendons as well as psychological damages, severe emotional trauma, loss of future life pleasures, loss of wages and impairment to earning capacity, disfigurement and permanent impairment.

### VIII.

At all times pertinent herein all work being performed in the vicinity of the vessels and with

tools and appurtenances from the vessels, including specifically the work performed by Plaintiff and his co-workers, was under the direct supervision and control of **SEA SUPPORT VENTURES LLC.**

## CAUSES OF ACTION

## JONES ACT

### IX.

Plaintiff brings this action against Defendant, **SEA SUPPORT VENTURES LLC**, under the provisions and the statutes of the United States, more particularly the Jones Act, 46 U.S.C. § 30104, *et seq.* of the United States Code.

### X.

Under the Jones Act, Plaintiff's damages were the proximate and direct result of the negligent acts of the Defendant, **SEA SUPPORT VENTURES LLC** in failing to:

1. Properly equip, man, provision, maintain and ensure Plaintiff provided equipment in condition suitable to perform the task requested.

2. Properly implement an overall plan to complete the tasks at hand in a safe and non-hazardous manner.

3. Provide Plaintiff with a safe and non-hazardous workplace.

4. Provide safe and sufficient tools and workforce to complete the tasks at hand.

5. Properly instruct and outfit Plaintiff.

6. Provide proper safety equipment.

7. Provide training and instruction to Plaintiff's fellow crew members.

8. Provide proper maintenance, warnings, and instructions regarding the dangers of using grinders and associated risks of grinding discs

9. Creating an unsafe work environment.

10. Failing to mitigate or warn of known hazards, including hazards created by Defendants; and

11. Failure to cease operations prior to injury after observing characteristics of the discs prior to the injury involved herein.

12. Failure to rigorously evaluate and inspect the grinder and discs prior to ensure they work properly prior to providing to Plaintiff for use

13. Other acts of negligence which will be proven upon the trial of this cause.

**GENERAL MARITIME LAW**

**UNSEAWORTHINESS and NEGLIGENCE**

**XI.**

Plaintiff reiterating and realleging each preceding allegation, additionally and/or alternatively alleges that Defendant, **SEA SUPPORT VENTURES LLC**, are liable unto Plaintiff under General Maritime Law for negligence, and/or for a breach of the warranty of seaworthiness, extending to the vessel or fleet of vessels involved herein, including its crew, gear, appurtenances and tools provided to Plaintiff to perform a task.

**XII.**

Under the General Maritime Law, it was the non-delegable duty of Defendants, **SEA SUPPORT VENTURES LLC**, to furnish Plaintiff with a safe place in which to work and with safe tools, gear, appurtenances, equipment, competent supervisors and co-workers, and to conduct operations in a safe and proper manner, in connection with Plaintiff's injuries and disability, **SEA SUPPORT VENTURES LLC**, was negligent in the operation, staffing and provisioning of tools that were not safe in its operations on or about January 14, 2021.

XIII.

Plaintiff avers that through the actions and/or inactions of **Defendant, SEA SUPPORT VENTURES LLC**, that the tools provided to Plaintiff were defective and breached their non-delegable duty to provide him with sufficient tools to safely perform his task.

XIV.

The injuries, disabilities and damages sustained by Plaintiff in the aforementioned Paragraphs of this Complaint were caused by the defective nature of the appurtenance tools of the vessels provided and rendered the operation Plaintiff was performing in furtherance of the fleet of vessels interest unseaworthy and by the negligence of **SEA SUPPORT VENTURES LLC**, as set forth herein and in the manning, provision, control, equipping and providing tools to Plaintiff that were unsafe on or about January 14, 2021.

MAINTENANCE AND CURE

XV.

As an employee and seaman of **SEA SUPPORT VENTURES LLC** Plaintiff is entitled under General Maritime Law to the payment of maintenance and cure until his reaching of maximum medical cure.

**PRODUCTS LIABILITY CLAIM AS TO PFERD INC, PFERD NORTH AMERICA INC. AND AUGUST RÜGGEBERG GmbH & CO. KG**

XVI.

This Honorable Court has jurisdiction over this matter pursuant to Diversity of Citizenship, pursuant to 28 U.S. Code § 1332, *et seq*.

XVII.

At the time Plaintiff was utilizing the grinder provided to him by **SEA SUPPORT VENTURES LLC** in connection with his assigned duties by his employer on January 14, 2021 the

PFERD four and a half inch diameter EHT 115-1.0 SG STEELOX discs ( **hereinafter referred to** as the **PFERD DISC**) which disintegrated, exploded and caused injury to Plaintiff were at all times designed ,manufactured and sold by **PFERD INC. AND/OR PFERD NORTH AMERICA INC. AND/OR AUGUST RÜGGEBERG GmbH & CO. KG** ( hereinafter referred to as the **PFERD DEFENDANTS.**)

### XVIII.

Plaintiff was not aware or informed by any one of the problems associated with the **PFERD DISC** at issue and did not know and could not have known about the problems associated with same.

### XIX.

At no time prior to January 14, 2021, when the **PFERD DISC** disintegrated exploded and caused serious injury to Plaintiff, did any of the PFERD Defendants issue any notices or warnings of any defects in this product, and in fact failed to notify or warn plaintiffs or other users of Defendants' product about the known complications and lack of efficacy of the product at issue herein.

### XX.

Upon information and belief, PFERD defendants knew or had reason to know, of the problems with their product, **THE PFERD DISC**, as well as the lack of efficacy of their product well in advance of January 14, 2021. This knowledge was concealed from Plaintiff and the public at large during this time.

### XXI.

The PFERD Defendants' dangerous and careless conduct of concealment, equates to conduct purposely committed, without regard for the rights and safety of the Plaintiff or the public at large.

## XXII.

As a result of the PFERD Defendants' actions the Plaintiff was unaware and could not reasonably know or have learned through reasonable diligence that Plaintiff had been exposed to the risks alleged herein and that those risks were the direct and proximate result of the PFERD Defendants' acts and omissions.

## COUNT I --PRODUCTS LIABILITY CLAIM - L.S.A.-R.S.9:2800.54

## XXIII.

Plaintiffs re-allege all allegations contained in this Complaint.

## XXIV.

The **PFERD DISC**, designed and manufactured by the PFERD Defendants, which caused severe injury to Plaintiff were defective in manufacture. When the PFERD Defendants' **PFERD DISC** left the PFERD Defendants' control, they deviated in a material way from the manufacturer's specifications and/or performance standards for the product and/or from otherwise identical products manufactured by the PFERD Defendants. Moreover, **the PFERD DISC**: a) proximately caused plaintiffs' damages, b) the damaging characteristic of the product rendered it unreasonably dangerous, and c) plaintiffs' damages arose from a reasonably anticipated use of the product.

## COUNT II --PRODUCTS LIABILITY CLAIM - L.S.A.-R.S.9:2800.56

## XXV.

Plaintiffs re-allege all allegations contained in this Complaint.

## XXVI.

**The PFERD DISC**, designed and manufactured by the PFERD Defendants, which caused injury to Plaintiff was unreasonably dangerous in design at the time it left the PFERD Defendant's control there existed alternative designs for **the PFERD DISC** that would have prevented plaintiff's

damages, but which were not used by the designing/manufacturing defendants even though using the alternative designs would have outweighed the manufacturers' burden of adopting such alternative designs.

## XXVII.

The PFERD Defendants are therefore liable unto plaintiffs for all of their damages under L.S.A.-R.S. 9:2800.56 and all other applicable portions of the Louisiana Products Liability Act.

## COUNT III --PRODUCTS LIABILITY CLAIM AGAINST L.S.A.-R.S.9:2800.57

## XXVIII.

Plaintiffs re-allege all allegations contained in this Complaint.

## XXIX.

**The PFERD DISC**, designed and manufactured by the PFERD Defendants, which caused injury to Plaintiff on January 14, 2021 was unreasonably dangerous at the time it left Defendants' control because Defendants, as the designers/manufacturers, failed to provide adequate warnings of the severely dangerous defects and side-effects of the product.

## XXX.

The **PFERD DISC** was defective at the time of their manufacture, development, production, testing, inspection, endorsement, prescription, sale and distribution, in that, and not by way of limitation, said product and its warnings, instructions and directions failed to warn of the dangerous defects and propensities of said product, which risks were known or should have been scientifically known to the PFERD Defendants. PFERD Defendants, knew or should have known, of the defective conditions, characteristics and risks associated with said product, as previously set forth.

### XXXI.

At all times herein mentioned, the **PFERD DISC** was defective, and the PFERD Defendants, knew or should have known, that the products were to be used by the user without inspection for defects therein. Plaintiffs neither knew, nor had reason to know, at the time of the use of the products, of the existence of the defects.

### XXXII.

Had plaintiffs been aware of the defects, he would not have used them in connection with the work assigned by his maritime employer.

### XXXIII.

The PFERD Defendants are therefore liable unto plaintiff for all of their damages under L.S.A.-R.S. 9:2800:57 and all other applicable portions of the Louisiana Products Liability Act.

### COUNT IV ---PRODUCTS LIABILITY CLAIM AGAINST L.S.A.-R.S.9:2800.58

### XXXIV.

Plaintiffs re-allege all allegations contained in this Complaint.

### XXXV.

The **PFERD DISC**, manufactured by the PFERD Defendants, which caused injury to Plaintiff, was unreasonably dangerous because it did not conform to the express or implied warranties which the PFERD Defendants made about it.

### XXXVI.

Although the PFERD Defendants knew or should have known that dangerous defects and risks were associated with the use of **the PFERD DISC**, the PFERD Defendants proceeded to or permitted the devices to be advertised, promoted and/or sold without adequate warnings of the serious side effects and dangerous risks.

## XXXVII.

As described above, the PFERD Defendants impliedly and expressly warranted that their **PFERD DISC** was safe for use and would not fail, fracture, or cause the adverse health effects described herein.

## XXXVIII.

Had the PFERD **Defendants, PFERD DISC, conformed** to the implied and express warranties which the PFERD Defendants made about them, plaintiff would not have been injured as they were. Defendants are therefore liable unto plaintiffs for all of their damages under L.S.A.-R.S. 9:2800:58 and all other applicable portions of the Louisiana Products Liability Act..

## **COUNT V – REDHIBITORY DEFECT CLAIM**

## XXXIX.

Plaintiff re-alleges all allegations contained in this Complaint.

## XL.

The PFERD **DISC**, designed, manufactured, marketed, sold, and/or distributed by the PFERD defendants, which caused severe injury to plaintiff**,** contained a redhibitory defect as contemplated by Louisiana Civil Code in that it was unreasonably dangerous and/or defective as previously stated. These defects rendered the **PFERD DISC** so useless and/or its use so inconvenient that it must be presumed that plaintiff would not have used the product had they known of the defects.

## XLI.

The PFERD Defendants warranted against such redhibitory defects in their PFERD DISC.

## XLII.

The PFERD Defendants are deemed to know that their **PFERD DISC** had a redhibitory defect as manufacturers, sellers and/or distributors under the Louisiana Civil Code article 2545 and are, therefore, deemed to be in bad faith.

### XLIII.

The PFERD Defendants knew or should have known that **the PFERD DISC** they manufactured, marketed, sold and/or distributed had a defect but omitted to declare it and/or declared that their product had a quality which they knew it did not have and are therefore liable under Louisiana's redhibition laws.

### XLIV.

The PFERD Defendants are liable to plaintiff for (1) the return of the purchase price of the **PFERD DISC**; (2) reimbursement of the reasonable expenses occasioned by the sale; (3) damages; and (4) attorneys' fees under Louisiana's redhibition laws.

### XLV.

As a direct and proximate result of Defendants' negligent misrepresentations, plaintiff suffered the damages described herein.

### XLVI.

As a result of the defective **PFERD DISC** and the PFERD defendants' conduct as outlined herein as well as the conduct of **SEA SUPPORT VENTURES LLC**, your petitioner has had to incur medical expenses, pain and suffering, emotional distress and physical injuries which include but are not limited to: additional surgery, excessive pain, difficulty in using hand and arm, inability of fracture site to heal adequately, disfigurement, loss of wages and impairment to future earning capacity, and other damages that shall be proven at trial.

### XLVII.

Defendants, **PFERD INC., PFERD NORTH AMERICA INC., AUGUST RÜGGEBERG GmbH & CO. KG** along with **SEA SUPPORT VENTURES LLC** combined to cause injury to Plaintiff herein and are liable jointly, severally and in solido with Plaintiff for all damages that are reasonable in the premises, together with legal interest from the date of judicial demand until paid and for all costs of these proceedings, by reason of the following:

## JURY TRIAL

## XLVIII.

Plaintiff desires and is entitled to a trial by jury on the issues sued upon herein.

**WHEREFORE**, the petitioner prays that defendants, **SEA SUPPORT VENTURES LLC, PFERD INC., PFERD NORTH AMERICA INC., AUGUST RÜGGEBERG GmbH & CO. KG** be served with a copy of this petition, that they be required to appear herein and answer same, that after all legal delays and due proceedings had there be judgment rendered herein in favor of petitioner, **JOHNNY WILLIAMS**, and against the defendants, **SEA SUPPORT VENTURES LLC, PFERD INC, PFERD NORTH AMERICA INC., AND AUGUST RÜGGEBERG Gmbh & CO. KG** jointly, severally and in solido, in the amounts to be determined by the jury and this Court, along with legal interest from the date of judicial demand and for all costs of these proceedings.

Respectfully submitted,

**HUFFT & HUFFT**

*/s/ Patrick H. Hufft*

Patrick H. Hufft (Bar No. 17633)
635 St. Charles Avenue
New Orleans, LA 70130
(504) 522-9413 Phone
(504) 586-9945 Facsimile
phufft@hufftlaw.com