**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JOHNNY WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-90** |
| **SEA SUPPORT VENTURES LLC, ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendant Sea Support Ventures LLC's Motion for Summary Judgment (Doc. 40). For the following reasons, the Motion is **GRANTED IN PART**.

## BACKGROUND

This case arises out of alleged injuries Plaintiff Johnny Williams sustained on January 14, 2021 while cleaning debris on a dock in connection with his employment with Defendant Sea Support Ventures LLC. For approximately twenty years, Plaintiff was employed by Defendant Sea Support Ventures LLC as a captain and assigned to a fleet of vessels owned and operated by Defendant, including the M/V MELINDA ADAMS and the M/V MISS GINGER. However, the vessel to which Plaintiff was most recently assigned was temporarily out of commission, and he was reassigned to work ashore to dismantle a sheet metal building near the company's dock following a recent hurricane.

Upon arrival to the work site, Defendant provided Plaintiff with a hand-held angle grinder to cut and remove sheet metal. To remove a light fixture from the building, Plaintiff installed a new blade on the grinder and was lifted, along with two temporary workers, by a forklift. While Plaintiff was using the angle grinder to remove the bolt holding the fixture, the blade "disintegrated and exploded causing severe injuries to Plaintiff's arm and body."[1] In his Complaint, Plaintiff asserts Jones Act negligence, general maritime law unseaworthiness, and maintenance and cure claims against Defendant Sea Support Ventures LLC. Plaintiff also asserts various products liability and redhibitory defect claims against Defendants Pferd Inc., Pferd North America Inc., and August Ruggeberg Gmbh & Co KG ("the Pferd Defendants"), who are the alleged manufacturers of the grinder that Plaintiff was using at the time of his injury.

Defendant Sea Support Ventures LLC thereafter asserted a cross claim against the Pferd Defendants, asserting that it is entitled to indemnity and contribution to the extent of the Pferd Defendants' fault. Defendant Sea Support Ventures LLC now moves for summary judgment on Plaintiff's Jones Act negligence, general maritime law unseaworthiness, and maintenance and cure claims. Plaintiff opposes.[2]

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] "As to materiality . . . [o]nly disputes over

---

[1] Doc. 1 at 3.
[2] Doc. 54.
[3] FED. R. CIV. P. 56.

facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[4] Nevertheless, a dispute about a material fact is "genuine" such that summary judgment is inappropriate "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[5]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[6] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[7] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[8]

"In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial."[9] The Court does "not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[10] Additionally, "[t]he mere argued

---

[4] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

[5] *Id.*

[6] Coleman v. Hous. Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997).

[7] Engstrom v. First Nat'l Bank, 47 F.3d 1459, 1462 (5th Cir. 1995).

[8] Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

[9] Johnson v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[10] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 393–94 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).

existence of a factual dispute will not defeat an otherwise properly supported motion."[11]

## LAW AND ANALYSIS

Defendant Sea Support Ventures LLC moves for summary judgment dismissing Plaintiff's Jones Act negligence, general maritime law unseaworthiness, and maintenance and cure claims against it. The Court now considers whether genuine issues of material fact remain as to each claim.

### *1. Jones Act Negligence*

Defendant argues that Plaintiff's Jones Act negligence claim must be dismissed because Defendant did not breach its duty of care owed to Plaintiff, and Plaintiff did not act with ordinary prudence under the circumstances. "A seaman is entitled to recovery under the Jones Act . . . if his employer's negligence is the cause, in whole or in part, of his injury."[12] A Jones Act employer is attributed the standard of care of "ordinary prudence under the circumstances" and owes its seamen a duty to provide a safe place to work.[13] While a seaman may be contributorily negligent under the Jones Act, "an employer must prove negligence and causation."[14] Negligence must rise beyond mere "but for" causation and be a legal cause of the injury, and a "seaman is negligent if he fails to act with ordinary prudence under the circumstances."[15]

---

[11] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

[12] Gautreaux v. Scurlock Marine, Inc., 107 F.3d 331, 335 (5th Cir. 1997).

[13] *Id.* at 338 (citing Fashauer v. N.J. Transit Rail Operations, Inc., 57 F.3d 1269, 1283 (3d Cir. 1995)); Colburn v. Bunge Towing, Inc., 883 F.2d 372, 374 (5th Cir. 1989) (citing Bobb v. Modern Prods., Inc., 648 F.2d 1051, 1057 (5th Cir. 1981)).

[14] Johnson v. Cenac Towing, Inc., 544 F.3d 296, 302 (5th Cir. 2008).

[15] *Id.* (citing *Gautreaux*, 107 F.3d at 339). "Under familiar principles of negligence, in Jones Act cases, there must be some evidence from which a jury can infer that the unsafe condition existed and that the owner either knew or, in the exercise of due care, should have known of it." Perry v. Morgan Guar. Trust Co. of N.Y., 528 F.2d 1378, 1379 (5th Cir. 1976).

First, Defendant essentially argues there is no material issue of fact as to whether it breached its duty of care to Plaintiff because Plaintiff knew better than to use a grinder without a guard, and Defendant had previously instructed Plaintiff of the relevant safety principles. To support this contention, Defendant further points to Plaintiff's deposition where he admits that "it's [his] fault."[16] However, the inquiry for the Court is not whether the plaintiff believed the task he was assigned was "safe" or the incident was his "fault," but rather, whether the *employer* acted with ordinary care under the circumstances. "[A]n employer breaches its duty if it disregards a danger that it 'knew or should have known.'"[17] "[P]roviding good equipment in addition to poor equipment does not excuse the owner's failure to provide the safe equipment."[18] Here, the parties dispute the material fact of whether the angle grinder, with or without the blade guard, was safe equipment for this task.[19] The parties also dispute whether Defendant breached its duty by assigning Plaintiff, an experienced captain, the task of cutting down a metal building after a hurricane.[20] Thus, material issues of fact remain as to Defendant's breach of its duty of care.

---

[16] Doc. 40-2 at 6. After reading the excerpted portion of Plaintiff's deposition, the Court notes that Plaintiff was referring to his failure to use stop work authority as his "fault."

[17] *In re* Savage Inland Marine, LLC, 539 F. Supp. 629, 646 (E.D. Tex. 2021). *See also id.* at 648 ("Because [the defendant] did not train its deckhands like [plaintiff] on the use of open chocks, [defendant] was negligent in assigning [plaintiff] to perform a task that [plaintiff] was not adequately trained to perform."). While an employer must have notice of and an opportunity to correct an unsafe condition, the parties also dispute whether the owners of Defendant Sea Support Ventures LLC and the Port Engineer had such notice and opportunity. *See* Doc. 54-1 at 3; Doc. 54-2 at 53; Doc. 54-3 at 22–23.

[18] Bobb v. Modern Prods., Inc., 648 F.2d 1051, 1058 (1938) (citing Mahnich v. Southern S.S. Co., 321 U.S. 96 (1944)).

[19] *See* Doc. 40-6 at 1; Doc. 54-2 at 35, 37–40; 54-5 at 12 ("Q: Are you aware of grinders being used to cut bolts in any of Sea Support's activities prior to this accident? A: No. Q: From a safety standpoint, is that the right tool to use for that job? A: No.").

[20] *See* Doc. 54-1 at 1; Doc. 54-2 at 54–55 ("Q: Do you know what the standards are or the instructions maybe from the manufacturer that say when you should change it? A: No.").

Second, Defendant argues that Plaintiff breached his duty of care when he "threw caution to the wind and knowingly put himself at risk."[21] However, "[a]ssumption of the risk is not a defense under the Jones Act."[22] And even assuming that Plaintiff's actions were a breach of his duty of care, his alleged negligence is relevant to the issue of contributory negligence—not an employer's alleged breach its own duty of care—which is an issue best reserved for a jury or factfinder in light of Plaintiff's experience, training, or education.[23] Defendant therefore has not sustained its burden in showing the non-existence of a material issue of fact for trial as to Plaintiff's Jones Act negligence claim.

***2. General Maritime Law Unseaworthiness***

Defendant next argues that Plaintiff's unseaworthiness claim under general maritime law should be dismissed because "his accident had nothing to do with a vessel."[24] "[T]he owner's duty to furnish a seaworthy ship is absolute and completely independent of his duty under the Jones Act to exercise reasonable care."[25] To assert a claim of unseaworthiness, "the injured seaman must prove that the owner has failed to provide a vessel, including her equipment and crew, which is reasonably fit and safe for the purposes for which it is to be used."[26] "In addition the plaintiff must establish a causal connection

---

[21] Doc. 40-2 at 19.

[22] Bobb v. Modern Prods., Inc., 648 F.2d 1051, 1059 n.6 (citing Socony-Vacuum Oil Co. v. Smith, 305 U.S. 424 (1938)).

[23] *See Gautreaux*, 107 F.3d at 338–39; Gavagan v. United States, 955 F.2d 1016, 1019 (5th Cir. 1992) ("Initially, we recognize—as the district court expressly did—that contributory negligence does not bar recovery under the Jones Act (or for unseaworthiness) . . . . 'Proximate cause is not destroyed merely because the plaintiff may also have contributed to his own injury . . . .'" (quoting Sanford Bros. Boats, Inc. v. Vidrine, 412 F.2d 958, 966 (5th Cir. 1969))).

[24] Doc. 40-2 at 10.

[25] The Dutra Group v. Batterton, 139 S. Ct. 2275, 2281–82 (2019) (quoting Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 549 (1960)) (internal quotation marks omitted).

[26] Jackson v. OMI Corp., 245 F.3d 525, 527 (5th Cir. 2001).

between his injury and the breach of duty that rendered the vessel unseaworthy."[27]

The issue of seaworthiness is a finding of fact, which is generally best left for a jury to decide.[28] Here, as Defendant notes, Plaintiff does not allege that he was aboard a vessel or that an unseaworthy condition caused his injury. At the time of his injury, Plaintiff was removing a light fixture from an onshore building's exterior wall. Even if the building was in some way connected to a vessel, no cause of action for unseaworthiness exists when defective, shore-based equipment causes a seaman's injury.[29] In his Memorandum in Opposition, Plaintiff does not controvert Defendant's arguments as to his unseaworthiness claim. Thus, Defendant had satisfied its burden in showing that a material issue of fact does not exist as to Plaintiff's unseaworthiness claim.

***3. Maintenance and Cure***

Defendant moves to dismiss Plaintiff's maintenance and cure claim on the basis that it has already provided maintenance-and-cure benefits to Plaintiff to "the point of maximum medical improvement."[30] In his Opposition, Plaintiff does not address any arguments as to dismissal of his maintenance and cure claim. "Maintenance and cure is an obligation imposed upon a shipowner to provide for a seaman who becomes ill or injured during his service to the ship."[31] The duty to provide maintenance and cure is contractual and arises independently of tort law.[32] "The duty to provide cure encompasses not

---

[27] *Id.*
[28] *Mahnich*, 321 U.S. at 98; *Boudreaux*, 280 F.3d at 468.
[29] Feehan v. United States Lines, Inc., 522 F. Supp. 811 (S.D.N.Y. 1980).
[30] Doc. 40-2 at 11.
[31] Boudreaux v. United States, 280 F.3d 461, 468 (5th Cir. 2002) (citing Silmon v. Can Do II, Inc., 89 F.3d 240, 242 (5th Cir. 1996)).
[32] *Id.* at 469 (citing Bertram v. Freeport McMoran, Inc., 35 F.3d 1008, 1013 (5th Cir. 1994)).

only the obligation to reimburse medical expenses actually incurred, but also to ensure that the seaman receives the proper treatment and care."[33] However, this duty terminates "when maximum cure has been reached, *i.e.,* 'where it is probable that further treatment will result in no betterment in the claimant's condition.'"[34]

Whether a seaman has reached maximum medical improvement is a factual issue.[35] "When there are conflicting diagnoses and prognoses from various physicians, there is a question of fact to be determined by the trier of fact as to a plaintiff's entitlement to maintenance and cure benefits and as to whether an employer's termination of maintenance and cure benefits was arbitrary or capricious."[36] On issues where Plaintiff would bear the burden of proof at trial, such as proving his entitlement to maintenance and cure, Defendant may succeed on its motion for summary judgment by pointing to the absence of evidence in the record to support Plaintiff's claim.[37]

Attached to its Motion for Summary Judgment, Defendant provided a letter whereby Plaintiff's treating physician states that Plaintiff "is at maximum medical recovery."[38] The physician's conclusion is supported by results from a Functional Capacity Exam administered on June 26, 2023.[39] A "non-moving party must do more than simply deny the allegations raised by the moving party. Rather, he must come forward with competent evidence,

[33] *Id.* at 468 (citing Guevara v. Mar. Overseas Corp., 59 F.3d 1496, 1500 (5th Cir. 1995)).
[34] *Id.* (quoting Rashidi v. Am. President Lines, 96 F.3d 124, 128 (5th Cir. 1996)).
[35] Rashidi v. Am. President Lines, 96 F.3d 124, 128 (5th Cir. 1996) (citing Breese v. AWI, Inc., 823 F.2d 100 (5th Cir. 1987); Cheek v. Williams-McWilliams Co., 697 F.2d 649, 652 (5th Cir. 1983)).
[36] Snyder v. L & M Botruc Rental, Inc., 924 F. Supp. 2d 728, 734 (E.D. La. Feb. 15, 2023) (citing Tullos v. Res. Drilling, Inc., 750 F.2d 380, 388 (5th Cir. 1985)).
[37] *See Snyder*, 924 F. Supp. 2d at 736.
[38] Doc. 40-5 at 1.
[39] *Id.*

such as affidavits or depositions, to buttress his claims."[40] Plaintiff, however, does not even deny the allegations raised by Defendant. Because Plaintiff fails to controvert his treating physician's conclusion on this point, there exists no issue of material fact as to whether Plaintiff has reached maximum medical recovery.[41] Thus, Plaintiff's claims for maintenance and cure must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Sea Support Ventures LLC's Motion for Summary Judgment (Doc. 40) is **GRANTED IN PART**. Plaintiff's general maritime law unseaworthiness and maintenance and cure claims are **DISMISSED WITH PREJUDICE**. As to Plaintiff's Jones Act negligence claim against Defendant Sea Support Ventures LLC, Defendant's Motion for Summary Judgment is **DENIED**, and this claim remains pending before the Court.

New Orleans, Louisiana this 21st day of December, 2023.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

[40] New Orleans Assets, LLC v. Carl E. Woodward, LLC, 278 F. Supp. 2d 776, 780 (E.D. La. 2003) (citing Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992)) (internal citations omitted).

[41] *Compare* Holmes v. J. Ray McDermott & Co., Inc., 734 F.2d 1110, 1116 (5th Cir. 1984), *with Tullos*, 750 F.2d 380, 388 (5th Cir. 1985).